686 S.E.2d 682

**In the Matter of William H. JORDAN, Respondent.**

No. 26736.

Supreme Court of South Carolina.

Submitted Sept. 25, 2009.

Decided Oct. 26, 2009.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Coming B. Gibbs, Jr., of Charleston, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR.[1] In the agreement, respondent admits misconduct and consents to a definite suspension from the practice of law from nine (9) months to two (2) years. He requests that the period of suspension be made retroactive to the date of his interim suspension.[2] We accept the agreement and impose a nine month suspension, not retroactive to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

On December 26, 2008, respondent was arrested and charged with possession of cocaine with intent to distribute, possession within close proximity of a school, possession of marijuana, possession of drug paraphernalia, following too

---

appellate court need not reach remaining issues on appeal when addressed issue is dispositive).

1. Respondent lives in Charleston.

2. On January 5, 2009, the Court placed respondent on interim suspension. *In the Matter of Jordan*, 381 S.C. 141, 672 S.E.2d 104 (2009).

closely, failure to surrender driver's license, and driving under suspension. Respondent's driver's license had been suspended for failure to pay traffic tickets.

Respondent entered into and successfully completed the pre-trial intervention program in order to dispose of the drug-related charges. The driving under suspension and failure to surrender license charges were dismissed.

Respondent admits that, at the time of his arrest, he was in possession of approximately 4.53 grams of cocaine, less than one ounce of marijuana, and a small marijuana pipe. Following his arrest, respondent consulted with Lawyers Helping Lawyers and completed an outpatient drug and alcohol program. He currently participates in a 12–step program. Respondent represents that he has abstained from drugs and alcohol since his arrest.

### LAW

Respondent admits that by his misconduct he has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(c) (it is professional misconduct for lawyer to commit a criminal act involving moral turpitude) and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits that his actions constitute grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct) and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

### CONCLUSION

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for nine (9) months, not retroactive to the date of his interim suspension. Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the

requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**